1  Catherine E. Albertini, *In Pro Se*
   Gregory E. Albertini, Sr., *In Pro Se*
2  Post Office Box 159
   Solana Beach, CA 92075
3  858.284.8264-*Not for official use*



4

5              **UNITED STATES DISTRICT COURT**

6

7             **SOUTHERN DISTRICT OF CALIFORNIA**

8

9  | Catherine E. Albertini, and Gregory E. Albertini, Sr., | Case No.: '24-cv-0284-JES SBC |

10

11              Petitioners and Plaintiffs,

                                              **MOTION REQUEST TO**
12  vs.                                       **DISQUALIFY AND RECUSE**
                                              **DISTRICT JUDGE AND**
13  SAN DIEGO COUNTY SHERIFF'S               **MAGISTRATE JUDGE UNDER 29**
    DEPARTMENT, SUPERIOR COURT, ANNE         **U.S.C. § 2220.68, AND 28 U.S.C. §**
14  ACEBO-HOULIHAN, JESSE HOULIHAN,          **455, AND 28 U.S.C. § 144.**
    KEVIN T. RHINE, GREGORY GARRISON,
15  RODNEY DONOHOO, AND DOES 1-250.

16              Defendant

17          ***NOW COMES*** Catherine E. Albertini and Gregory E. Albertini, Sr.,

18
    to respectfully request that this honorable court and judicial members consider this
19
20  motion, made in the best of faith, for the recusal of both the district judge and the

21  magistrate judge appointed to this case on the following grounds:
22
23  1. 29 U.S.C. § 2200.68 states "[a]ny party may request that the judge, at any time

24     following the Judge's designation and before the filing of a decision, be recused

25     under paragraph (a) or (b) of this section or both by filing with the judge,
26

27

28                                  PAGE 1 OF 15
    CASE NUMBER '24-CV-0284-JES-SBC    MOTION TO RECUSE

promptly upon the discovery of the alleged facts, an affidavit setting forth in detail the matters alleged to constitute grounds for recusal. [1]

2. 28 U.S.C. § 455 states "Any justice, judge, magistrate judge shall disqualify himself in any proceeding in which ***his impartiality might reasonably be questioned***. [Emphasis added]. [2] Where he has a personal bias or prejudice

---

[1] § 2200.68 Recusal of the Judge.
(a) Discretionary recusal. A Judge may recuse themself from a proceeding whenever the Judge deems it appropriate(b) Mandatory recusal. A Judge shall recuse themself under circumstances that would require disqualification of a Federal judge under Canon 3(C) of the Code of Conduct for United States Judges, except that the required recusal may be set aside under the conditions specified by Canon 3(D).
(c) Request for recusal. Any party may request that the Judge, at any time following the Judge's designation and before the filing of a decision, be recused under paragraph (a) or (b) of this section or both by filing with the Judge promptly upon the discovery of the alleged facts, an affidavit setting forth in detail the matters alleged to constitute grounds for recusal.
(d) Ruling on request. If the Judge finds that a request for recusal has been filed with due diligence and that the material filed in support of the request establishes that recusal either is appropriate under paragraph (a) of this section or is required under paragraph (b) of this section, the Judge shall recuse themself from the proceeding. If the Judge denies a request for recusal, the Judge shall issue a ruling on the record, stating the grounds for denying the request, and shall proceed with the hearing, or, if the hearing has closed, proceed with the issuance of a decision under the provisions of § 2200.90.

[2] (a)Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b)He shall also disqualify himself in the following circumstances:
(1)Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(2)Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
(3)Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
(4)He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
(5)He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
(i)Is a party to the proceeding, or an officer, director, or trustee of a party;
(ii)Is acting as a lawyer in the proceeding;
(iii)Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv)Is to the judge's knowledge likely to be a material witness in the proceeding.

CASE NUMBER '24-CV-0284-JES-SBC        MOTION TO RECUSE

concerning a party. ***Where in private practice he served as a lawyer in the matter in controversy***. Where he has served ***in governmental employment*** and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

3. 28 U.S.C. § 144 states "***Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom***

———————————

(c)A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.
(d)For the purposes of this section the following words or phrases shall have the meaning indicated:
(1)"proceeding" includes pretrial, trial, appellate review, or other stages of litigation;
(2)the degree of relationship is calculated according to the civil law system;
(3)"fiduciary" includes such relationships as executor, administrator, trustee, and guardian;
(4)"financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:
(i)Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;
(ii)An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;
(iii)The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;
(iv)Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.
(e)No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.
(f)Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

CASE NUMBER '24-CV-0284-JES-SBC          MOTION TO RECUSE

***the matter is pending has a personal bias or prejudice either against him or in***

***favor of any adverse party, such judge shall proceed no further therein, but***

***another judge shall be assigned to hear such proceeding.*** The affidavit shall

state the facts and the reasons for the belief that bias or prejudice exists, and

shall be filed not less than ten days before the beginning of the term at which

the proceeding is to be heard, or good cause shall be shown for failure to file it

within such time. A party may file only one such affidavit in any case. It shall

be accompanied by a certificate of counsel of record stating that it is made in

good faith.

## I.   <u>STATEMENT OF FACTS AND BELIEF</u>

4.  Americans have never been as divided as they are today in terms of a plethora

of social constructs; political ideology, ageism, culture, views as to the validity

of election results, viewpoints, social change differences, educational

indoctrination, sexual orientation, religious beliefs, support for increased, or

decreased governmental powers,  the issue of taxes, and other socio-economic

and political factors.

5.   The Petitioner's in this proceeding are petitioning for an injunction to enjoin

the Superior Court and the Sheriff's Department who are violating the RICO

CASE NUMBER '24-CV-0284-JES-SBC        MOTION TO RECUSE

Act, Bane Act, 42 U.S.C. § 1983 and other criminal and civil codes under the color of law.

6. Petitioner's petition mentions that they anticipate filing civil and criminal complaints against up to 37 different defendants, most of whom work with governmental agencies, and many are lawyers or judges who are acting under color of law in their individual capacities, in our case, where immunity does not apply.

7. The Petitioners are hopeful that this situation may be resolved at the injunctive level by negotiation.

8. Judicial notices of the parameters of judicial immunity, and judicial notices of the parameters of void judgments have been filed in the Superior Court in North San Diego County Vista in two cases on the ROA due to abuse of process.

9. The Petitioners are victims of government corruption. Corrupt public servants proceeding *ultra vires* continue to litigate cases against the Petitioners via abuse of process and power for an improper purpose.

10. The goal has been to embroil the Petitioners in litigation for sport so that the Petitioner's cannot enjoy their lives, or be productive.

11. The Petitioners are conservatives.

CASE NUMBER '24-CV-0284-JES-SBC        MOTION TO RECUSE

12. Petitioners clearly are victims of Hate crimes due to their religious beliefs, sexual orientation, socio-economic backgrounds, political beliefs, and perceived social-class standing.

13. Petitioners argue that the honorable judges assigned to this case in this honorable court are of honorable intent and both share stellar and enviable reputations, positions, credentials, educational achievements, careers, statuses, and character.

14. Petitioners concern is bias due to the background, and career histories of the district and magistrate judges assigned to their case.

15. Most attorneys and justices share a liberal ideology based on the Petitioners experience.

16. The assigned justices share financial interests in government insurance, employment, pension plans, and other government incentives attaching to their backgrounds.

17. Petitioners have other concerns related to the political climate in the United States today.

18. California is a state run by Democrats since 2011. The state is considered a Democratic stronghold along with two other states, New York, and Illinois, and all are known as the "Big Three" Democratic strongholds.

CASE NUMBER '24-CV-0284-JES-SBC        MOTION TO RECUSE

19. Petitioners are not members of the Democratic Party and have historically been staunch Republicans.

20. Petitioners do not espouse democratic views or ideology and are outspoken critics of the Democratic Party.

21. Petitioners voted to recall Governor Newsome and do not believe that Joe Biden lawfully won the Presidential election in 2020.

22. San Diego County is progressively liberal, and the State of California is considered to be a "blue state" in terms of politics.

23. The Democratic Party members generally consist of liberal progressives whose ideology, goals, agenda's and worldviews depart significantly from the Petitioners' who are Christian conservatives who espouse traditional, and old-fashioned morals, mores, and beliefs.

24. Political fervor is so pervasive in present day American culture that Americans take great pleasure in punishing anyone whose views differ from theirs through zealous retaliation, violence and social shaming, especially on social media.

25. Petitioner's social media accounts have been disabled and hacked. The Sheriff, a respondent, has the capacity and knowledge to quell free speech via social media and has done so. The Petitioner cannot access her longtime Facebook account after it was hacked and permanently disabled after photos of Joe and a

CASE NUMBER '24-CV-0284-JES-SBC        MOTION TO RECUSE

nude Hunter Biden were posted in place of her photos. Petitioner had been documenting crimes involving the Respondents in this case. Her Truth Social, and other conservative social media sites were also tampered with interfering in her ability to log in to any of the sites to post her views.

26. The Superior Court is a respondent in this case, as are lawyers, and the Sheriff's Department. These agencies and individuals are situated in positions where they can and do enforce the laws in the State of California and have powerful means and methods of punishing those whose views differ.

27. The Petitioners suspect that it will be impossible for the judges assigned to this case to be unbiased on a subconscious level.

28. By their nature humans are subconsciously and unconsciously subject to many biases.

29. Petitioner, Catherine Albertini, recently completed continuing education classes to renew her real estate license. The California Bureau of Real Estate judiciously stresses the importance of bias and how it affects neighborhoods, real property values, career choices, crime rates, families, educational opportunities, the economy, and other concomitant factors. On one of her tests showcasing subconscious bias, Albertini, was asked to list a city with high crime rates. The City she selected, New York, was not on that list. We are all

CASE NUMBER '24-CV-0284-JES-SBC     MOTION TO RECUSE

prone to bias, however, there is no room for any margin of error in our case because our life savings are on the line, and we are too old to ever be able to recover what took decades to earn.

## II.   **GROUNDS FOR REQUESTING RECUSAL**

30. One of the judges in this case was appointed by Joe Biden, another it appears was appointed by Governor Newsome.

31. One judge was endorsed by Senator Alex Padilla, and Diane Feinstein. The Petitioners filed complaints with both, one was ignored. Feinstein wrote a scathing letter.

32. One judge spent 7 years of his recent career working for the Superior Court in San Diego as a judge. The Superior Court is a party in this case.

33. The District judge, Honorable James Simmons, spent his entire pre-bench career working for the San Diego County District Attorney's office for the County of San Diego as a deputy DA. The County is a party to this case, although has not been named as a Respondent in this petition. Without relief, the DA will be named as a civil and criminal defendant should a lawsuit become necessary.

34. The Petitioners would not be in court had the District Attorney investigated these crimes, and done their job. Instead, the DA was a nexus in allowing these

CASE NUMBER '24-CV-0284-JES-SBC        MOTION TO RECUSE

crimes to persist. Catherine has sent a multitude of emails to Summer Stephan documenting serious crimes, harassment, and elder abuse, all of which were ignored.

35. The Petitioners suspect that a ***conflict of interest*** applies in this case.

36. In 2021, Petitioner wrote a scathing letter to Honorable judge Pamela Parker who forwarded the correspondence to Judge Michael Smyth. Judge Smyth endorsed Judge Simmons. Smyth wrote back to the Petitioner that she was "unhappy with a court decision," ignoring the crimes complained of.

37. It is alarming that the judiciary fails to report crimes, further facilitating offenses.

### III.   MEMO OF POINTS AND AUTHORITIES

38. 28 U.S.C. § 144 states "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

39. 29 U.S.C. § 2200.68 states "[a]ny party may request that the judge, at any time following the Judge's designation and before the filing of a decision, be recused under paragraph (a) or (b) of this section or both by filing with the judge,

CASE NUMBER '24-CV-0284-JES-SBC       MOTION TO RECUSE

promptly upon the discovery of the alleged facts, an affidavit setting forth in detail the matters alleged to constitute grounds for recusal.

40. The Due Process Clause incorporated the common-law rule requiring recusal when a judge has "a direct, personal, substantial, pecuniary interest" in a case, [3] or "the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable."[4]

41. The Petitioners aver that due to the pre-bench careers of the justices in this case, the risk of bias and prejudice will inevitably favor the opposite parties. The Superior Court is a party to this case, and the District judge worked for the Superior Court for 7 years, just prior to becoming a district judge, and before that the District Attorney for the County of San Diego who clearly is prejudiced against the Petitioners.

42. The Superior Court and the DA's office share a contemptuous relationship with Petitioners since 2008, as evidenced by orders granted without jurisdiction or due process, and after filing criminal charges against Gregory for defending Petitioners property from an armed assailant. That criminal record was

---

[3] *Tumy v. Ohio*, 273 U.S. 510, 523, 475 S. Ct. 437, 71 L.Ed. 749
[4] *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712.

CASE NUMBER '24-CV-0284-JES-SBC     MOTION TO RECUSE

involuntarily expunged to cover up for charges filed without jurisdiction or authority. [5]

43. The DA and superior court have also attempted to incarcerate Catherine, a law abiding citizen, for contempt based on void orders granted in the absence of all jurisdiction to quash her right to free speech.  "[W]henever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated . . . to hear such matter." There is no ambiguity in the declaration and seemingly nothing upon which construction can be exerted — nothing to qualify or temper its words or effect. It is clear in its permission and direction. It permits an affidavit of personal bias or prejudice to be filed and upon its filing, if it be accompanied by certificate of counsel, directs an immediate cessation of action by the judge whose bias or prejudice is averred, and in his stead, the designation

---

[5] *See In re Murchison*, 349 U. S. 133, 136-137, 75 S.Ct. 623, 99 L.Ed. 942. "No attorney is more integral to the accusatory process than a prosecutor who participates in a major adversary decision. As a result, a serious question arises as to whether a judge who has served as an advocate for the State in the very case the court is now asked to adjudicate would be influenced by an improper, if 1902*1902 inadvertent, motive to validate and preserve the result obtained through the adversary process. In these circumstances, neither the involvement of multiple actors in the case nor the passage of time relieves the former prosecutor of the duty to withdraw in order to ensure the neutrality of the judicial process in determining the consequences his or her own earlier, critical decision may have set in motion. Pp. 1905-1907.

CASE NUMBER '24-CV-0284-JES-SBC        MOTION TO RECUSE

of another judge. And there is purpose in the conjunction; its elements are complements of each other. The exclusion of one judge is emphasized by the requirement of the designation of another.[6]

44. The magistrate judge, Honorable Chu, in this case worked in private practice as an attorney who defended the government against personal injury cases.

45. The Petitioners have been personally injured by the government, as indicated by their many unprosecuted and unanswered complaints. Section 455 specifically states that "(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. "(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it; "(3) Where he has *served in*

_____

[6] *Henry v. Speer*, 201 Fed. Rep. 869 was a petition for mandamus to require an affidavit of bias against District Judge Speer to be certified to the senior circuit judge that the latter might determine its sufficiency, and to restrain Judge Speer from exercising jurisdiction of the case. The writ was refused on the ground that the affidavit did not conform to § 21 in that it omitted to charge "personal" bias, a charge of such bias, it was held, being a necessary condition. The court, (Circuit Court of Appeals for the Fifth Circuit), by Judge Meek, said, "Upon the making and filing by a party of an affidavit under the provisions of section 21, of necessity there is imposed upon the judge the duty of examining the affidavit to determine whether or not it is the affidavit specified and required by the statute and to determine its legal sufficiency. If he finds it to be legally sufficient then he has no other or further duty to perform than that prescribed in section 20 of the Judicial Code. He is relieved from the delicate and trying duty of deciding upon the question of his own disqualification." This comment sustains defendants' view of § 21 and marks a distinction between determining the legal sufficiency of the affidavit and passing upon the truth of its statements, a distinction to which we shall presently advert.

CASE NUMBER '24-CV-0284-JES-SBC          MOTION TO RECUSE

*governmental employment and in such capacity participated as counsel, adviser*

*or material witness concerning the proceeding or expressed an opinion*

concerning the merits of the particular case in controversy. [Emphasis added]

"(i) Is a party to the proceeding, or an officer, director, or trustee of a party; "(ii)

Is acting as a lawyer in the proceeding; "(iii) Is known by the judge to have an

interest that could be substantially affected by the outcome of the proceeding;

"(iv) Is to the judge's knowledge likely to be a material witness in the

proceeding."

    WHEREFORE, the Petitioners are respectfully requesting that this

honorable court, and the Honorable justices assigned to this case hereby recuse

and disqualify themselves from this case for the foregoing reasons attested to so

that justice may be served without a hint of bias or prejudice. We are

respectfully requesting that a judge be assigned that shares more similar

characteristics with the Petitioners, and who have not worked in their

professional capacities with any Parties or Respondents in this Petition. There

has only been one judge in this honorable court that was recently appointed by a

conservative justice to our knowledge. For privacy purposes, the Petitioners are

requesting that this motion be filed separate from the public record, and proof

of service waived.

CASE NUMBER '24-CV-0284-JES-SBC        MOTION TO RECUSE

**VERIFICATION**

We are over the age of 18 and are competent. We have personal knowledge

of these matters, and can and will testify truthfully and competently to the best

of our knowledge and belief.

**CERTIFICATION OF GOOD FAITH**

WHEREFORE, we hereby certify that this this request and motion for
recusal has been made in good faith with no ill will or intent of any kind.

Dated this 22nd day of February, 2024

Catherine E. Albertini, *In Pro Se, AND*
Gregory E. Albertini, Sr.

**CERTIFICATE OF SERVICE**

On February 23, 2024, I mailed copies of this motion via U.S.P. S. first class mail
to the following:

San Diego Sheriff's Department          Gregory Garrison, 9255 Towne
9621 Ridgehaven Court                   9255 Town Centre Dr. Suite 500A
San Diego, CA 92123                     San Diego, CA 92123

Anne and Jesse Houlihan C/O and
Kevin Rhine and Rodney Donohoo
16236 San Dieguito Road, Suites 1-12
San Diego, CA 92091

Superior Court of California
1100 Union Street
San Diego, CA 92101

CASE NUMBER '24-CV-0284-JES-SBC        MOTION TO RECUSE