UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. ALBERTINI; and GREGORY E. ALBERTINI,<br><br>  Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SUPERIOR COURT; ANNE ACEBO-HOULIHAN; JESSE HOULIHAN; KEVIN T. RHINE, ESQ., GREGORY M. GARRISON, ESQ., RODNEY DONOHOO., AND DOES 1-250,<br><br>  Defendants. | Case No.: 3:24-cv-00284-JES-SBC<br><br>**SECOND AMENDED ORDER TO SHOW CAUSE** |

On February 12, 2024, Plaintiffs initiated this action against Defendants appearing to allege, in part, unlawful foreclosure and auctioning of property, elder abuse, and judicial misconduct. ECF No. 1. Plaintiffs are partially requesting an emergency injunction and declaratory judgment. *Id.*

"Federal courts are courts of limited jurisdiction …." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal court is constitutionally required to examine their subject matter

jurisdiction, before proceeding to the merits of a case, whether or not the parties raise the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Ruhrgas AG v. Marathon Oil Co.*, 625 U.S. 574, 577 (1999); *United Inv'rs Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal citations and quotation marks omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

In the complaint, Plaintiffs alleges that this court has federal subject matter jurisdiction over the matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1. Diversity jurisdiction requires complete diversity between plaintiffs and defendants. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). An individual is deemed a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiffs also assert federal question jurisdiction in their civil cover sheet attached to their complaint. ECF No. 1. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal question exists only if: (1) federal law creates the cause of action, or (2) a substantial question of federal law is a necessary element of a plaintiff's well-pleaded complaint. *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987).

Here, the complaint does not set forth the citizenship of the parties. Plaintiffs merely state that "[t]here is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000." ECF No. 1. Plaintiff's jurisdictional statement in their complaint leaves out the citizenship of all plaintiffs and defendants. *Id.* Thus, based on the face of the complaint, Plaintiffs fail to demonstrate diversity

jurisdiction. Further, a federal question does not exist on the face of the complaint. ECF No. 1. Instead, it appears exclusively on the civil cover sheet as the sole checked off basis for federal subject matter jurisdiction. Therefore, Plaintiffs fail to present a federal question on the face of their complaint.

The Court's initial OSC (ECF No. 3) mistakenly set a hearing date and that motion was stricken from the docket on February 22, 2024. ECF No. 4. The Court's Amended OSC (ECF No. 4) mistakenly ordered Defendants to show cause as to why this action should not be dismissed. The Court now corrects that mistake, **STRIKES** the Amended OSC from the docket and **ORDERS PLAINTIFFS TO SHOW CAUSE** as to why this action should not be dismissed for lack of federal subject matter jurisdiction. Plaintffs must file a written response to this Order to Show Cause ("OSC") by **March 8, 2024**.

**IT IS SO ORDERED.**

Dated:  February 23, 2024

Honorable James E. Simmons Jr.
United States District Judge