Catherine E. Albertini
Gregory E. Albertini, Sr.
Post Office Box 159
Solana Beach, CA 92075
858.284.8264 *Not for official use*



# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Catherine E. Albertini, and Gregory E. Albertini, Sr.<br><br>Plaintiffs and Petitioners<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SUPERIOR COURT; ANNE ACEBO HOULIHAN; JESSE HOULIHAN; KEVIN T. RHINE, ESQ; GREGORY M. GARRISON, ESQ; RODNEY DONOHOO; AND DOES 1-250<br><br>Defendant | Case No.: 3:2024-cv-00284-JES-SBC<br><br>MOTION FOR MANDATORY JUDICIAL NOTICE |

*COMES NOW* Plaintiffs requesting mandatory judicial notice of certain facts under Rule 201. Judicial Notice of Adjudicative Facts. (a) SCOPE. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

(b) KINDS OF FACTS THAT MAY BE JUDICIALLY NOTICED. The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

(c) TAKING NOTICE. The court:

(1) may take judicial notice on its own; or

(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

(d) TIMING. The court may take judicial notice at any stage of the proceeding.

(e) OPPORTUNITY TO BE HEARD. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

(f) INSTRUCTING THE JURY. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive.

    1. On February 12, 2024 the Plaintiffs filed this action assigned case number '24-cv-00284-JES-SBC. (Docket No.1). A request to proceed *In forma Pauperis* was also filed that day. Since an injunctive relief was an exigent emergency, Plaintiffs paid the $405.00 filing fee because the clerk stated to Catherine that he believed the petition would not be heard timely unless the fee was paid. The clerk also informed Catherine that it could take some time, weeks or

months for the fee waiver to be granted or denied. The Plaintiffs could not afford to pay the filing fee and are moving the court to waive any future fees if the application IFP is granted, as of the date it is granted.

2. In response to the filing of the complaint, the court mailed an amended order to show cause (Document No. 4) postmarked February 22, 2024 stating that the court had "mistakenly set a hearing which is now stricken from the docket The court will not hold a hearing on the OSC. The Court's previous OSC (EFC NO. 3) mistakenly set a hearing date and that motion is not stricken from the docket."

3. On February 29, 2024, the Plaintiffs received at their mailing address a Second Amended Order to Show Cause, Document No. 9, postmarked February 22, 2024, after the court had mistakenly ordered the Defendants to show cause instead of the Plaintiffs. The court struck Document No. 4 as a result of the error.

4. The Plaintiffs have never received a copy of Document No. 3, or No. 2 from the court.

5. On February 22, 2024, the Plaintiffs filed a motion request to disqualify district judge and magistrate judge under 29 U.S.C. § 2220.68; 28 U.S.C. § 455; and 28 U.S.C. § 144. The Plaintiffs have concern that one of the judges assigned recently worked for the Defendants in this case. In that motion, the Plaintiffs requested that the motion be filed separate from the record, and not require service

due to privacy concerns as to their reasons for requesting recusal which were personal and protected in order to prevent bias and disclosure which could have been used against them civilly and publicly.

6. The Plaintiffs have not, to date, received a response to their motion to recuse and disqualify the judges.

7. The response to the court's Second Amended order to show cause is due on March 8, 2024.

8. This mandatory judicial notice will be filed with the response to the Second Amended order to show cause by or before March 6, 2024.

9. The Plaintiffs noticed on March 4, 2024, that their original complaint has been assigned a new case number. The change in the case number is 3:24-cv-00284-JES-SBC. The original case number was '24-00284-JES-SBC which indicates that the complaint was not filed on February 12, 2024, but sometime in March of 2024, on the understanding that complaints are dated as to the month of filing, preceding the year filed.

The Plaintiffs are hereby respectfully requesting mandatory judicially notice of the foregoing, and are requesting that the court clarify the following: 1) What "motions" other than Docs. Nos. 3 and 4 have been stricken from the record? 2) Reasons for assigning a new case number? 3) What is the status of the motion to

recuse? Was that motion considered and is there a response to the motion? 4) Are the Plaintiffs entitled to a copy of the stricken motions, Document No. 3 and 4? 5) What Document is referred to as Document No. 2? 6) Will the court grant permission to the Plaintiffs to serve (other than the original complaint) copies of filings using a certificate of service by mail as requested in their response to the Second Amended Order to Show Cause? 7) Will the court require personal service of the summons and complaint a second time on the Defendants due to the change in the case number?

The Plaintiffs are not attorneys and wish to inform the court that they are filing this in good faith, not to cause any delays, or unnecessary costs, or to add to or cause the court to expend unnecessary or additional judicial resources. The Plaintiffs wish to convey to the court that Plaintiffs are respectfully filing this, and are deeply appreciative of and grateful for the court's time, patience and understanding of the pro se status of the Plaintiffs. The Plaintiffs have attempted to obtain counsel for many years to assist them with this case, to no avail.

WHEREFORE we respectfully submit this request for mandatory judicial notice with our answer to the Second Amended Order to Show Cause.

PAGE 5 OF 6
MANDATORY JUDICIAL NOTICE
CASE NO. 3:24-CV-00284-JES-SBC

*[signature]*
Catherine E. Albertini, *In Pro Se*

*[signature]*
Gregory E. Albertini, Sr., *In Pro Se*

## CERTIFICATE OF SERVICE

On March 8th 2024, I mailed this mandatory judicial notice, USPS first-class mail to the following defendants and addresses:

Respectfully submitted _____
                      Catherine Albertini

1. San Diego County Sheriff's Department
   9621 Ridgehaven Court
   San Diego, CA 92123

2. Superior Court
   1110 Union Street, 10th Floor Executive Offices
   San Diego, CA 92101

3. Gregory Garrison
   6886 Mimosa Drive
   Carlsbad, CA 92011

4. Kevin Rhine and Rodney Donohoo (2 copies)
   Post Office Box 9335
   Rancho Santa Fe, CA 92067

5. Anne and Jesse Houlihan (2 copies)
   14116 Shepherd Drive
   Rancho Cucamonga, CA 91739