1  Catherine E. Albertini, *In Pro Se*
2  Gregory E. Albertini, *Sr.*, *In Pro Se*
   Post Office Box 159
3  858.284.8264-*NOT FOR OFFICIAL USE*

**FILED**

MAR 07 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Catherine E. Albertini; and Gregory E. Albertini,<br><br>Petitioners, Plaintiffs,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SUPERIOR COURT; ANNE ACEBO-HOULIHAN; JESSE HOULIHAN; KEVIN T. RHINE, ESQ; GREGORY M. GARRISON, ESQ; RODNEY DONOHOO; AND DOES 1-250<br><br>Respondents, Defendants | Case No.: 3:24- cv-00284-JES-SBC<br><br>**RESPONSE TO SECOND AMENDED ORDER TO SHOW CAUSE; MOTION TO CORRECT PLEADING TITLE PAGE TO ADD DEFENDANTS DUE TO A FILING MISTAKE** |

COMES NOW the Petitioners (Plaintiffs used interchangeably) in response to an Amended order to show cause postmarked February 22, 2024, Doc. No. 4. In the amended order, the court ordered the ***Defendants*** to show cause as to why the Petitioners action should not be dismissed for lack of federal subject matter jurisdiction.

Petitioners were not mailed a copy of Document 3 *"**mistakenly setting a hearing which is now stricken from the docket**"* with an explanation *"**The court will not hold a hearing on the OSC. The Court's previous OSC (EFC No. 3) mistakenly set a hearing date and that motion is now stricken from the docket.**"*

PAGE **1** OF **18**
CASE NUMBER 3:24-CV-00284-JES-SBC
RESPONSE TO SECOND AMENDED ORDER TO SHOW CAUSE

Petitioners are not attorneys and it is not clear if the court's order for an OSC hearing, or Petitioner's motions were *stricken from the docket instead, thus, the only motion of record is the Plaintiff's motion that was originally filed.* We are therefore moving for the court to clarify this verbiage. If docket nos. 3 and 4 were stricken, the only motion on record is the Plaintiffs, in addition to a motion filed February 22, 2024 to recuse.

On February 29, 2024, the Plaintiffs received a Second Amended Order to Show Cause (Docket No. 9) copies, postmarked February 22, 2024. The second amended order to show cause was identical to the first amended OSC except; "The Courts Amended OSC (ECF No. 4) mistakenly ordered *Defendants* to show cause as to why this action should not be dismissed. The Court now corrects that mistake, **STRIKES** the Amended OSC from the docket and **ORDERS PLAINTIFFS TO SHOW CAUSE** as to why this action should not be dismissed for lack of federal subject matter jurisdiction."

The Second Amended OSC states the following; "Plaintiffs initiated this action against Defendants *appearing to allege*, [emphasis added] in part, *unlawful foreclosure and auctioning of property, elder abuse, and judicial misconduct.*" The Plaintiffs requested in their Petition for injunctive relief that they were seeking stay of a writ of execution, and relief under FRCP Rules § 65 ((b)(1), § 60, § 57, the

Elder Abuse Prevention and Prosecution Act, Welfare & Institutions Code § 15610.07, the RICO Act 18 U.S.C. § 1961-68, the Civil Rights Act, 42 U.S.C. § 1983 and 1985, and the Bane Act CCP § 51, after 29 years of orchestrated and ongoing injury caused by the commission of crimes by numerous parties, many whom are diverse. These Parties were listed, however, were not named in the complaint due to time, economic, and communication constraints.[1] The Petitioners made a **mistake** when mentioning that jurisdiction was made, in part, on the issue of diversity. Due to a filing mistake, the FBI was not named on the pleading title page as intended.

On February 12, 2024, Petitioners filed a petition requesting emergency injunctive relief to stay a writ of execution, a request for the court initiate a criminal investigation, and for violations of their Constitutional Rights under *42 U.S.C. §1983*, as indicated on their Civil Cover Page, where federal question was checked. The Petitioners argue that this court has jurisdiction under 42 U.S.C. § 1983 & 1985; and the RICO Act 18 U.S.C. § 1964 (a) which states that " The District Courts of the United States shall have jurisdiction to prevent and restrain

---

[1] Under 18 U.S.C. § 3231, federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States." These offenses include crimes defined in Title 26 of United States Code. *United States v. Przybyla*, 737 F.2d 828, 829 (9th Cir.1984) (per curiam), cert. denied, U.S.105 S.Ct. 2320, 85 L.Ed.2d 839 (1985).

PAGE **3** OF **18**
CASE NUMBER 3:24-CV-00284-JES-SBC
RESPONSE TO SECOND AMENDED ORDER TO SHOW CAUSE

violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering ***any person*** to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments." Under RICO 18 U.S.C. §1964 (c)"**Any person** injured in his business or property by reason of a violation of section 1962 of this chapter ***may sue therefor in any appropriate United States district court*** and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." The Supreme court held that" criminal associations within the definition of the term enterprise would amount to making the "pattern of racketeering activity" the enterprise. The Court found sufficient Government allegations that the enterprise consisted of a "group of individuals associated in fact for the purpose of illegally trafficking in narcotics and other dangerous drugs, committing arsons, **utilizing the United States mails to defraud insurance companies, bribing and attempting to bribe local police officers, and corruptly influencing and attempting to corruptly influence the outcome of state court** proceedings. Id. at 583." *United States v. Turkette*, 452 U.S. 576 (1981).

On February 22, 2024, Petitioner's filed a motion to disqualify and recuse the judges assigned in this case. Recusal and disqualification was requested on grounds under 29 U.S.C. §2220.68, 28 U.S.C. §455, and 28 U.S.C. §144. Reasons

for the request were explained. Of primary concern is the fact that the District judge assumed his position recently after working for one of the Defendants/Respondents to wit, the Superior Court of California. *Litkey v. United States*, 510 U.S. 540, (1994); No. 92-6921, *Liljeberg v. Health Services Acquisition Corp.* 486 U.S. 847 (1988), [2]*United States v. Studley*, 783 F. 2d 934 - Court of Appeals, 9th Circuit 1986. [3]

The U.S. District court argues in its Second Amended Order to Show Cause "Federal courts are courts of limited jurisdiction," and that "[t]here are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. §1331, and (2) diversity jurisdiction under 28 U.S.C. §1332. A federal court is constitutionally required to examine their subject matter jurisdiction, before proceeding to the merits of a case, whether or not the parties raise the issue."

Plaintiffs predominate argument for requesting relief arises from numerous ongoing violations of their Constitutional and Civil rights, and violations of the

---

[2] "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U. S. C. § 455(a), as amended.
[3] The standard for recusal under 28 U.S.C. §§ 144, 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes*, 729 F.2d at 607 (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983)); *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 700-01 (9th Cir.1981), rev'd on other grounds sub nom. *Hoover v. Ronwin*, 466 U.S. 558, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Mayes*, 729 F.2d at 607.

RICO Act. Of particular importance is a lawful requirement of this court to launch a criminal investigation into insurance fraud, RICO crimes, and a conspiracy to violate the Plaintiffs Constitutional and civil rights under 42 U.S.C. 1983, 1985, and 18 U.S.C. §241,[4] §242,[5] and §1033.

The Plaintiffs have spent years, in good faith, submitting legitimate and evidenced criminal complaints which have all but been ignored.[6] The sum of injuries encompasses much more than the court mentions, to wit, *elder abuse*,

---

[4] If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—
They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

[5] Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

[6] Kalmanovitz v. G. Heileman Brewing Co., 595 F.Supp. 1385, 1400-01 (D.Del.1984), aff'd 769 F.2d 152 (3d Cir. 366*366 1985)). See Rose Amended Complaint ¶ 62[58]; Hill Amended Complaint ¶ 60; Reed Amended Complaint ¶ 65; Kolimaga Complaint ¶ 32. The Kalmanovitz court stated that: [t]he plaintiffs must plead with particularity the `circumstances' of the alleged wrongdoing in order to place the defendants on notice of the precise misconduct with which they are charged. Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient.

*unlawful foreclosure, auctioning of property, and judicial misconduct.* The offenses articulated are significantly broader; namely an intentional conspiracy to violate our civil and Constitutional rights through the commission of organized crimes using the courts, attorneys, agencies, and third Parties to offend. Complained of are: Assault, invasion of privacy, conversion, fraud, obstruction of justice, torturous interference, conspiracy, fraud on the court, inter and intrastate computer crimes, chemical assault, attempted murder, murder, attorney misconduct, wire fraud, mail fraud, abuses of power, process, office, discretion, hate crimes, insurance fraud, and many other egregious criminal offenses which the Plaintiffs intended to succinctly articulate in 43 pages of particular details contained of in the petition that was filed.

***The federal questions indirectly begged in the Petitioners motions ask:***

1. When violations of the law, (United States Code, Constitution, Civil Rights Act, Amendments, RICO Act, and State Penal Codes) are discovered and evidenced, can public officials, courts, corporations, law enforcement, lawyers, third parties, and out-of-state parties, Constitutionally conspire to deprive the Petitioners (victims) of inalienable Constitutional rights to further crimes and prevent punishment and restitution under the color of law?

2. How can United States citizens suffer injuries from unequal protection of law

without relief afforded by law because no one tasked with enforcing the law is doing so, under the color of law?

3. What can United States citizens do when lawful complaints and reports are ignored, and state and federal remedies exhausted?

4. If justice is promised, refused, and disparate, does it exist?

5. Can enforcement of promulgated laws be disparately enforced?

6. Can law apply to all, yet be enforced unequally?

7. Can a court of law conspire to deprive citizens of their rights and embroil citizens in frivolous litigation for personal entertainment, bribes, to reverse victim and offender, and to obstruct justice or process?

8. Can public officials falsely imprison citizens without accountability?

9. Does law or a Constitution even exist when only those that benefit from enforcement prosper and enjoy protections?

10. Can public officials disparately enforce the law to deprive a person of their inalienable rights?

11. Can U.S. officials, officers of the court, and criminal offenders engage in war against fellow citizens?

    In the second amended order to show cause, the court cites numerous cases to support a lack of diversity jurisdiction, but none are cited supporting civil or

constitutional rights violations. One mentions patent law, another sexual harassment in the workplace, another international arbitration agreements, another mutual funds, unfair competition and business practices, false advertising, misleading sales practices, securities, class action, and removal. One mentions determining jurisdiction relative to where a principal place of business is located.

None of the cases the court cited have anything to do with organized crime, RICO Act violations, conspiracy, fraud, obstruction of justice, assault, conversion, civil and Constitutional rights violations of which the Plaintiffs, as succinctly as possible, plead with particularity in plain statements. ***The petition, seeking injunctive relief, and a declaratory judgment has little to do with removal of a, void through fraud, state court case to federal court.*** The Plaintiffs are alleging that powerful and connected family members residing outside of California have recruited state actors and private parties to work in conjunction with each other, in an ongoing scheme, in order to violate the Plaintiffs constitutional rights and to cause them to suffer harm. Plaintiffs are victims of an ongoing and organized criminal enterprise scheme that will not cease until criminal investigations are conducted, and prosecution is feared.

The Plaintiffs are falsely imprisoned in their own home. Forced to live in unsafe living conditions with no means of using any computers, earning any

income, organizing documents, defending themselves, the right to privacy, to live in a safe home, and other guaranteed rights to life, liberty, security, due process, or happiness. Plaintiffs cannot dispatch the sheriff in an emergency, because the Sheriff is unresponsive. Catherine has to go to a library to use any computers, and that use is limited to several hours a day, otherwise, every party involved, namely at least 37, would have been named in the complaint.

Plaintiffs bring multiple constitutional and statutory claims under 42 U.S.C. §1983. To state a claim under §1983, Plaintiffs must allege the Defendants "act[ed] under color of state law" to deprive Plaintiffs of a federal right. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006)("'The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights.'" )(quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000).

In determining whether there has been state action, the fundamental inquiry is whether the "conduct causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982); *see also Caviness v. Horizon Cmty. Learing Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) ("'The state-action element in §1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'") (quoting *Am,*

*Mfrs. Mut. Ins. Co. v. Sullivan* , 526 U.S. 40, 50 (1999)). A two-part test applies to determine whether the conduct may be fairly attributed to the State, and a plaintiff must satisfy both elements. *Lugar*, 457 U.S. at 922. "First, the depravation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* "'Second, the party charged with the depravation must be a person who may fairly be said to be a state actor." *Id.* "The State actor requirement ensures that not all private parties "face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.'" *Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir. 1989).

      Courts generally begin with threshold presumptions that private parties are not state actors. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d. 826, 835 (9th Cir. 1999). The Supreme Court has approved four different tests to be used in determining whether a private party is a state actor. "the public function test, the joint action test, the state compulsion test, and the government nexus test." *Wright v. Serv. Emps. Int'l Union Local 503*, 48 F.4th 1112, 1122 (9th Cir. 2002). "Satisfaction of a single test is sufficient to establish state action, so long as there is no countervailing factor." *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1109 (9th Cir. 2022); *see also Lugar*, 457 U.S. at 939 ("Whether these different tests are

PAGE 11 OF 18
CASE NUMBER 3:24-CV-00284-JES-SBC
RESPONSE TO SECOND AMENDED ORDER TO SHOW CAUSE

actually different in operation or simply different ways of characterizing the necessarily fact-bound inquiry that confronts the court ….need not be resolved here").

Under Ninth Circuit precedent, "for a private individual to be liable of a §1983 violation when a state actor commits the challenged conduct, the plaintiff must establish that the private individual was the proximate cause of the violations." *Franklin,* 312 F.3d at 445. A private party will not be found to proximately cause the injuries without some showing that [the] private party had some control over state officials' decision [to commit the challenged act]." *Pozos Leon v. Tillamook Cnty. Sch. Dist.*, No. 3:17-440-PK, 2018 WL 2175949, at *5 (D. Or. May 11, 2018).

Plaintiffs are alleging that Defendants are engaging in "joint actions" with the State. Under the "joint action," or "symbiotic relationship" test, the court will inquire "whether the government has so far insinuated itself into a position of interdependence with a private entity that the private entity must be recognized as a joint participant in the challenged activity. *Pasadena Republican Club v. W. Just Ctr.*, 985 F.3d 1161, 1167 (quoting *Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1210 (9th Cir. 2002). Joint participation "occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Kirtley v.*

*Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003).

The court alleges in its Second Amended order to show cause that Plaintiffs claims' are predicated on diversity vis-à-vis constitutional question jurisdiction "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Plaintiffs will ask the court to amend their complaint under Rule 15 if necessary, or in the alternative, ask to supplement their pleadings if necessary in order to add several additional parties that were inadvertently not named as defendants as was originally intended.[7] The Petitioner's petition was filed the day

---

[7] Rule 15— Amended and Supplemental Pleadings
(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.
(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

PAGE 13 OF 18
CASE NUMBER 3:24-CV-00284-JES-SBC
RESPONSE TO SECOND AMENDED ORDER TO SHOW CAUSE

that it was completed. Petitioners intended to name additional Defendants, however, in haste, several additional parties were mistakenly and unintentionally left out of the title page that was filed. Plaintiffs are hopeful that these defendants, one satisfying diversity jurisdiction, may be added since the time for service has not expired under Rule 4.1., and not all of the Defendants have been served.

"[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Lopez* 203 F.3d at 1130. (quoting *Balistreri v. Pacifica Police Dep't*, 901 F2d. 696, 701 (9th Cir. 1988)). "[T]he rule favoring liberality *978 in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to

---

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment
(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
(B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.
(d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

PAGE 14 OF 18
CASE NUMBER 3:24-CV-00284-JES-SBC
RESPONSE TO SECOND AMENDED ORDER TO SHOW CAUSE

make errors in pleading than the person who benefits from the representation of counsel.'" *Id.* at 1131 (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). "We also note that because *Dluhos* has filed his complaint pro se, we must liberally construe his pleadings, and we will apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name. *Higgins v. Beyer*, 293 F.3d 683, 688 (3rd Cir. 2002)(internal quotations omitted). "Unless it is absolutely clear that no amendment can cure the defect-a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848,854 (9th Cir. 2016). (alteration in original)(quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)(per curiam)).

The Supreme Court has held that pro se not even plead specific facts; rather the complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89,93 (2007)(internal quotation marks and citations omitted); cf. Fed. R. Civ. P 8(e) ("Pleadings must be construed so as to do justice.") However, a pro se plaintiff must still plead "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g. Haines v. Kerner*, 404 U.S. 519,

520 (1972).

"In general, the question of standing is distinguishable from that of subject matter jurisdiction. However, when a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction." *Hill v. Divecchio*, 425 Pa.Super. 355, 625 A. 2d 642 (1993). "Standing then becomes a jurisdictional prerequisite to an action." Id. at 361, 625 A.2d at 645. "Prior to judicial resolution of a dispute, an individual must as a threshold matter show that he has standing to bring the action." We argue that we have *in rem* and *in personam* standing to obtain jurisdiction.

WHEREFORE, the Plaintiffs are respectfully moving for this court to: 1) not dismiss the complaint for lack of jurisdiction; 2) clarify which document numbers were stricken from the docket; 3) allow the Plaintiffs to add additional defendants to the complaint; 4) grant permission for the Petitioners to add additional defendants that were mistaken left out of the pleading title 5) recognize that the Plaintiffs are living under intolerable and unsafe living conditions and that time is essential to their health and well-being; 5)  since filing their complaint, two defendants have intentionally shorted-out the Plaintiffs 4th hot water heater, and that the court recognize the importance of an immediate injunction granting the Plaintiffs the right to inspect and correct the code violations affecting the use and

safety concerning their home, of primary importance in seeking injunctive relief. Every state and federal agency contacted and tasked with the enforcement of Plaintiffs rights and equal protections, refuses to enforce any codes, laws, or rules to the Plaintiff's detriment; 6) grant the Plaintiffs permission to serve all parties in the future (excepting original summons) by USPS First Class mail with a certificate of service by mail.

Respectfully submitted and dated this 6th day of March, 2024

_Catherine E. Albertini_
Catherine E. Albertini

_Gregory E. Albertini, Sr._
Gregory E. Albertini, Sr.

## CERTIFICATE OF SERVICE

On March 8, 2024 I, Catherine Albertini, placed this response to a Second Amended Order to show cause in envelopes and mailed via USPS first-class mail to the Defendants at the following addresses.

Respectfully submitted by _Catherine Albertini_
Catherine Albertini

1. San Diego County Sheriff's Department
   9621 Ridgehaven Court
   San Diego, CA 92123

2. Superior Court
   1100 Union Street, 10th Floor Executive Offices
   San Diego, CA 92101

3. Kevin Rhine
   Post Office Box 9335
   Rancho Santa Fe, CA 92067

4. Rodney Donohoo
   Post Office Box 9335
   Rancho Santa Fe, CA 92067

5. Gregory Garrison
   6886 Mimosa Drive
   Carlsbad, CA 92011

6. Anne Acebo-Houlihan and Jesse Houlihan
   14116 Shepherd Drive
   Rancho Cucamonga, CA 91739

PAGE **18** OF **18**
CASE NUMBER 3:24-CV-00284-JES-SBC
RESPONSE TO SECOND AMENDED ORDER TO SHOW CAUSE