UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. ALBERTINI; and GREGORY E. ALBERTINI,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SUPERIOR COURT; ANNE ACEBO-HOULIHAN; JESSE HOULIHAN; KEVIN T. RHINE, ESQ., GREGORY M. GARRISON, ESQ., RODNEY DONOHOO., AND DOES 1-250,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:24-cv-00284-JES-SBC<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR EMERGENCY INJUNCTION AND STAY OF EXECUTION AS MOOT;**<br><br>**(2) DENYING MOTION TO DISQUALIFY JUDGE;**<br><br>**(3) DENYING MOTION FOR JUDICIAL NOTICE AS MOOT;**<br><br>**(4) DENYING MOTION TO CORRECT PLEADING TITLE PAGE AS MOOT; and**<br><br>**(5) DISMISSING CASE FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION**<br><br>[ECF Nos. 1, 8, 11, 13] |

On February 22, 2024, Plaintiffs filed the instant action against various Defendants, appearing to allege, in part, unlawful foreclosure and auctioning of property, elder abuse, and judicial misconduct. ECF No. 1. Plaintiffs are partially requesting an emergency injunction and declaratory judgment. *Id.* Plaintiffs also filed a motion to disqualify and recuse district judge and magistrate judge based on perceived bias (ECF No. 8), motion for judicial notice (ECF No. 11) and motion to correct pleading title page to add defendants (ECF No. 13). The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. After due consideration and for the reasons below, the Court **DENIES** the motion to disqualify and recuse district judge and magistrate judge and **DENIES AS MOOT** the motion emergency injunction and stay of execution, motion for judicial notice and motion to correct pleading title page. Further, the Court **DISMISSES** this action for lack of federal subject matter jurisdiction.

## I.     PROCEDURAL BACKGROUND

The Court recites the procedural background of the case as it relates to the pending motions. On February 12, 2024, Plaintiffs filed the original complaint and motion for emergency injunction and stay of execution in this case and a summons was issued the same day. ECF Nos. 1, 2. On February 21, 2024, the Court issued an Order to Show Cause ("OSC") as to why this action should not be dismissed for lack of federal subject matter jurisdiction. ECF No. 3. That same day, the Court issued an Amended OSC correcting the original OSC, because a hearing date was mistakenly set and struck the original OSC. ECF No. 4. On February 22, 2024, Plaintffs then filed a motion to disqualify the district judge and magistrate judge. ECF No. 8. On February 26, 2024, the Court issued a Second Amended OSC correcting a mistake in the Amended OSC (ECF No. 4) which ordered "Defendants" to show cause as to why this action should not be dismissed and struck the Amended OSC. ECF No. 9. The Second Amended OSC ordered "Plaintiffs" to show cause why this action should not be dismissed for lack of federal subject matter jurisdiction in writing by March 8, 2024. *Id.*

On March 7, 2024, Plaintiffs filed a motion for mandatory judicial notice requesting the Court take judicial notice of numerous things, including the procedural history of this case. ECF No. 11. On March 7, 2024, Plaintiffs also filed a response to the Second Amended OSC and a motion to correct pleading title page to add Defendants due to a filing mistake. ECF Nos. 12, 13.

## II.   MOTION TO DISQUALIFY JUDGE

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b). Any bias must be evaluated under an "objective" standard that focuses on if it would appear to a reasonable person with all the facts that a judge's impartiality may be questioned. *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008). The burden to show bias rests with the party moving to disqualify the judge. *First Interstate Bank v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). "The motion or affidavit must allege with particularity the facts that would convince a reasonable person that a bias exists of a personal, not judicial, nature." *Guadarrama v. Small*, No. 09-CV-2544, 2010 WL 3171465, at *1 (S.D. Cal. Aug. 10, 2010) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980)). Thus, "judicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiffs explain their basis for perceived bias as follows. First, Plaintiffs state "Petitioners argue that the honorable judges assigned to this case in this honorable court are of honorable intent and both share stellar and enviable reputations, positions, credentials, educational achievements, careers, statuses and character." ECF No. 8 at ¶ 13. However, "Petitioners concern is bias due to the background, and career histories of the district and magistrate judges assigned to [this] case." ECF No. 8 at ¶ 14. Plaintiffs then state, "[m]ost attorneys and justices share a liberal ideology based on Petitioners experience." ECF No. 8 at ¶ 15. Plaintiffs further state, "[t]he assigned justices share

financial interests in government insurance, employment, pension plans, and other government incentives attaching to their backgrounds." ECF No. 8 at ¶ 16. In the next paragraph, Plaintiffs then begin a discussion of their political beliefs, stating "Petitioners have other concerns related to the political climate in the United States today." ECF No. 8 at ¶ 17. Plaintiffs further state that they "voted to recall Governor Newsome and do not believe that Joe Biden lawfully won the Presidential election in 2020." ECF No. 8 at ¶ 21. Plaintiffs then state the grounds for disqualification as follows:

> "30. One of the judges in this case was appointed by Joe Biden, another it appears was appointed by Governor Newsome.
>
> 31. One judge was endorsed by Senator Alex Padilla, and Diane Feinstein. The Petitioners filed complaints with both, one was ignored. Feinstein wrote a scathing letter.
>
> 32. One judge spent 7 years of his recent career working for the Superior Court in San Diego as a judge. The Superior Court is a party in this case.
>
> 33. The District judge, Honorable James Simmons, spent his entire pre-bench career working for the San Diego County District Attorney's office for the County of San Diego as a deputy DA. The County is a party to this case, although has not been named as a Respondent in this petition. Without relief, the DA will be named as a civil and criminal defendant should a lawsuit become necessary.
>
> 34. The Petitioners would not be in court had the District Attorney investigated these crimes, and done their job. Instead, the DA was a nexus in allowing these crimes to persist. Catherine has sent a multitude of emails to Summer Stephan documenting serious crimes, harassment, and elder abuse, all of which were ignored.
>
> 35. The Petitioners suspect that a conflict of interest applies in this case.
>
> 36. In 2021, Petitioner wrote a scathing letter to Honorable judge Pamela Parker who forwarded the correspondence to Judge Michael Smyth. Judge Smyth endorsed Judge Simmons. Smyth wrote back to the Petitioner that she was 'unhappy with a court decision,' ignoring crimes complained of."

ECF No. 8 at ¶¶ 30-36. Plaintiffs then spend the remainder of their fifteen-page motion

discussing their complaints and causes of action against the various defendants, including their voting history and political party affiliation. ECF No. 8 at ¶¶ 18-25.

Plaintiff's complaints all pertain to innuendo and perceived bias based on their political beliefs. Plaintiffs have not stated any information that either judge worked on any underlying matter involved in this action prior to their appointment. Further, Plaintiffs have not alleged that either judge has a personal bias or prejudice either against them or in favor of any adverse party. None of the stated reasons for disqualification bears upon the impartially of either judge. In addition, this motion was not brought until after the Court's OSC for lack of subject matter jurisdiction. It appears this motion is based solely on judicial actions taken by this Court. An adverse judicial ruling, without more, fails to show bias on the part of the judge. *See Liteky*, 510 U.S. at 555; *Holland*, 519 F.3d at 914 n.5.

Thus, Plaintiffs have failed to meet their burden to show a basis for bias and the motion to disqualify judges is **DENIED**.

### III.    FAILURE TO ESTABLISH FEDERAL SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction …." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal court is constitutionally required to examine their subject matter jurisdiction, before proceeding to the merits of a case, whether or not the parties raise the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Ruhrgas AG v. Marathon Oil Co.*, 625 U.S. 574, 577 (1999); *United Inv'rs Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th

Cir. 2001) (internal citations and quotation marks omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

In their response to the Second Amended OSC, Plaintiffs assert that federal subject jurisdiction exists under the RICO Act, 18 U.S.C. § 1964(a) and 42 U.S.C. § 1983 and 1985. ECF No. 12 at 3. Further Plaintiffs state that they made a mistake in their original complaint by stating jurisdiction was made on the issue of diversity. ECF No. 12 at 3. Plaintiffs then argues that this Court has a lawful requirement to "launch a criminal investigation into insurance fraud, RICO crimes, and a conspiracy to violate the Plaintiffs Constitutional and civil rights under 42 U.S.C. 1983, 1985, and 18 U.S.C. §241, §242, and §1033." ECF No. 12 at 6. Plaintiffs allege they are "victims of an ongoing and organized criminal enterprise scheme that will not cease until criminal investigations are conducted, and prosecution is feared." ECF No. 12 at 9.

The United States Constitution grants solely the Executive Branch the power to enforce laws. U.S. Const. art. II, § 2, cl. 1; *see also Springer v. Government of Philippine Islands*, 277 U.S. 189. 202 (1928). The judiciary cannot exercise executive power. *Id.* Plaintiffs request for this Court to "launch a criminal investigation" is not relief this Court can grant. Only the Executive Branch can launch a criminal investigation. Further, 18 U.S.C. §§ 241, 242 and 1033 are all criminal statutes and cannot be the basis of a civil lawsuit. Although Plaintiffs style this action as an action to protect their constitutional rights and cite to the civil Racketeer Influenced and Corrupt Organizations ("RICO") Act, all of Plaintiffs' claims implicate the same injury, the loss of their property. *See Laconico v. Cal-Western Reconveyance Corp.*, No. 17-cv-698, 2017 WL 2877098, at *5 (N.D. Cal. July 6, 2017) ("Courts have consistently found that actions challenging foreclosures implicate the same unitary harm.")

Plaintiffs causes of action and remedies sought include unjust enrichment in the auction sale of their home and seeks to quiet title. ECF No. 1 at 42. They also seek a stay of execution and injunction prohibiting the Sheriff from auctioning their home. *Id.* These causes of action revolve around the auction sale of their home. Plaintiffs civil RICO Act

claim is also premised on the same harm—loss of their home.

If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's judicial proceeding, then the District Court is in essence being called upon to review the state court decision. *Feldman*, 460 U.S. at 482 fn. 16. This, the District Court may not do. *Id.* The ultimate relief Plaintiffs seek is for this Court to enjoin and prevent the auction sale of their home that was ordered in San Diego Superior Court. This Court cannot grant that relief. This Court lacks jurisdiction to grant that relief. In their complaint, Plaintiffs state the *Rooker-Feldman* doctrine does not apply, they are mistaken. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("A United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the U.S. Supreme Court].") Further, federal courts must give full faith and credit to state court judgments under 28 U.S.C. § 1738 and Article IV section 1 of the U.S. Constitution.

Therefore, Plaintiffs' response fails to establish federal subject matter jurisdiction and this matter is **DISMISSED with prejudice** for lack of federal subject matter jurisdiction.

## IV.   CONCLUSION

For the reasons set forth above, the Court:

1. **DENIES** as moot Plaintiffs motion for emergency injunction and stay of execution;
2. **DENIES** Plaintiffs motion to disqualify judge;
3. **DENIES** as moot Plaintiffs motion for judicial notice;
4. **DENIES** as moot Plaintiffs motion to correct pleading title page; and
5. **DISMISSES with prejudice** this action for lack of subject matter jurisdiction.

The Clerk is directed to close the case.

/ / /

**IT IS SO ORDERED.**

Dated:  March 8, 2024

Honorable James E. Simmons Jr.
United States District Judge